IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR WHITE, | § | |
| TDCJ #1236082, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2734 |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| MEDICAL BRANCH, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER
ON PARTIAL DISMISSAL**

State inmate Arthur White brings this action under 42 U.S.C. § 1983, alleging

violations of his civil rights.  He proceeds *pro se* and *in forma pauperis*.  At the Court's

request, White supplemented his complaint with a more definite statement of his claims and

the State Attorney General's Office provided a special report.  (Docs. # 9, # 15).  After

reviewing all of the pleadings, the Court requested an answer from Nurse Suzanne Parker

and from the University of Texas Medical Branch ("UTMB").  UTMB has filed a motion to

dismiss.  (Doc. # 21).  White has filed a motion to voluntarily dismiss certain defendants.

(Doc. # 22).  White also seeks an extension of time, appointment of counsel, and leave to

amend his complaint.  (Docs. # 23, # 24, # 25, # 27).  These motions are discussed further

below.

I.     **BACKGROUND**

White is presently incarcerated in the Texas Department of Criminal Justice -

Correctional Institutions Division (collectively, "TDCJ") at the Ellis Unit in Huntsville,

Texas.  White sues the following health care workers employed by TDCJ or UTMB to provide medical services to prisoners: Douglas Bertling; John Doe Brorby; Ray Carpenter; Nurse Kristi Flisowski; Nurse Margie Gonzales; Nurse Kathy Hawkins; Dr. Clay Keith; Nurse Rhonda Lee; Nurse Suzanne Parker; Nurse Rose; Nurse Poppy Thomas; Dr. Betty Williams; and Jamie Williams.  White also sues UTMB, alleging that he was denied adequate medical care at the Ellis Unit in December of 2004.

White is an insulin-dependent diabetic.  According to the pleadings, as supplemented by medical records, White claims that he was denied adequate medical care or that care was delayed on or about December 6, 2004.[1]  (Docs. # 1, # 9, # 15).   In particular, White alleges that he noticed swelling on his left big toe and that he reported this problem to Nurse Parker at the clinic on December 6, 2004.  White complains that Nurse Parker did not refer him to a physician immediately or treat him for possible gangrene.  White claims that he was not seen by a physician until December 11, 2004.  On December 27, 2004, a "foot doctor" determined that the toe was infected and needed to be "cut off."  This doctor referred White to a specialist.  On or about December 30, 2004, White was examined and treated by a specialist, who recommended surgery.  On January 12, 2005, part of White's infected toe was amputated.  Later, a portion of White's left foot was amputated as the result of an

---

[1]     In his complaint and more definite statement, White claims that he was denied adequate medical care in December of 2005.  (Docs. # 1, # 9).  Medical records supplied by the Attorney General's Office reflect that the medical problem at issue arose, if at all, in December of 2004.  (Doc. # 15, Exhibit A).  The Court has amended the dates accordingly to conform as much as possible to the medical records.

infection.

White complains that UTMB and medical personnel at the Ellis Unit delayed care for his infected toe.  White contends that the defendants committed "medical malpractice." (Doc. # 1).  He seeks $1.3 million in exemplary damages and $800,000 in compensatory damages.  (*Id.*).

UTMB has filed a motion to dismiss on the grounds that it is a unit of the State of Texas and therefore entitled to immunity.  White has filed several motions in response, including a motion to voluntarily dismiss certain defendants.  (Doc. # 22).  White also seeks an extension of time, appointment of counsel, and leave to amend his complaint.  (Docs. # 23, # 24, # 25, # 27).  The parties' contentions are addressed briefly below, beginning with the motion to dismiss filed by UTMB.

## II.     UTMB'S MOTION TO DISMISS

### A.     Standards of Review

UTMB has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that it is immune from suit under the Eleventh Amendment to the United States Constitution.  A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the existence of subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in

3

order to satisfy itself that it has the power to hear the case." *Id.*

UTMB argues further that dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Motions to dismiss under Rule 12(b)(6) are appropriate when a complaint fails to state a legally cognizable claim.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002).  When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory.  *Id.* at 162 (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)).

Because the complaint is governed by the Prison Litigation Reform Act (the "PLRA"), the district court may also scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b).  In conducting the foregoing analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

**B.     Eleventh Amendment Immunity**

In this instance, UTMB argues that the Eleventh Amendment to the United States

4

Constitution bars any claim for monetary relief.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Thus, federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Vogt v. Board of Comm'rs, Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002).

Unless expressly waived, the Eleventh Amendment bars an action in federal court by, *inter alia*, a citizen of a state against his or her own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).  UTMB is an agency of the State of Texas, meaning that it is entitled to Eleventh Amendment immunity. *See* TEX. EDUC. CODE ANN. § 61.003(5); TEX. GOV'T CODE ANN. § 572.002(10)(B); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

White does not seek injunctive relief in this case.  To the extent that White seeks monetary damages only, the Eleventh Amendment bars his claim against UTMB.  The motion to dismiss on this issue (Doc. # 21) is therefore granted.  White's motion for an extension of time to respond (Doc. # 23) is denied as moot.


III.   **WHITE'S MOTION FOR VOLUNTARY DISMISSAL**

White has filed a motion to voluntarily dismiss the following defendants from this lawsuit: Douglas Bertling; John Doe Brorby; Ray Carpenter Nurse Kristi Flisowski; Nurse

Margie Gonzales; Nurse Kathy Hawkins; Dr. Clay Keith; Dr. Betty Williams; and Jamie Williams.  (Doc. # 22).

As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)).  If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options:  (1) it can grant the motion outright, or (2) it can craft conditions that will cure the prejudice.  *See Elbaor*, 279 F.3d at 318.  However, absent evidence of prejudice to the non-movant, or of abuse by the movant, a court should generally grant the motion.  *See id.*

It is not clear from the pleadings, as supplemented by the plaintiff, that the above-referenced defendants had any personal involvement in White's underlying claim.  The Court concludes that these defendants, who have not been served, will suffer no prejudice as a result of a voluntary dismissal in the instant case.  Accordingly, White's motion for voluntary dismissal of these defendants (Doc. # 22) will be granted.

## IV.   PERSONAL INVOLVEMENT OF REMAINING DEFENDANTS

Apart from UTMB and the defendants that he has agreed to dismiss, White identifies the following "principal defendants" who remain in this suit: Nurse Suzanne Parker, Nurse Rhonda Lee, and Nurse Poppy Thomas.  (Doc. # 22).  According to White's more definite

6

statement, Nurse Parker is the only named individual having the requisite personal involvement in the alleged denial of medical care.  Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct.  *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).  Conclusory allegations or generalized assertions are not sufficient to state a claim; specific facts are required to specify the personal involvement of each defendant.  *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

In its Order for More Definite Statement, the Court specifically asked White to allege specific facts detailing the personal involvement of each defendant, including Nurse Lee and Nurse Thomas.  (Doc. # 6, Question 10).  In his response to this question, White blamed only Nurse Parker, alleging that she "lied" or gave false information to the physician about his condition, delaying his access to treatment.  (Doc. # 9, Response to Question 10).  White failed to allege facts showing that Nurse Lee or Nurse Thomas had any personal involvement in the facts of this case.  Accordingly, White fails to state a valid claim against Nurse Lee and Nurse Thomas and these defendants are dismissed from this suit pursuant to 28 U.S.C. § 1915(e)(2)(B).  As a result, Nurse Parker is the only remaining defendant in this lawsuit.

## V.    WHITE'S MOTION FOR APPOINTMENT OF COUNSEL

Nurse Parker has not filed an answer or otherwise appeared in this lawsuit.  The Court has previously requested an answer on behalf of Nurse Parker.  (Doc. # 10).  The State

Attorney General's Office reports that she is no longer employed by UTMB and that they are unable to file an answer for her without her express consent. (Doc. # 18). White has filed a motion for appointment of counsel or a "federal investigator" to help him locate Nurse Parker so that she can be served.

A civil rights plaintiff has no automatic right to the appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir. 1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of counsel is not required unless a case presents exceptional circumstances. *See Hulsey*, 929 F.2d at 173 (citing *Ulmer*, 691 F.2d at 212-13). It is not clear that exceptional circumstances exist at this time. The State Attorney General's Office has provided Nurse Parker's last known address under seal. (Doc. # 18). The Court will issue a separate order for service of process by the United States Marshal. Accordingly, White's request for counsel (Doc. # 24) is denied at this time. If appropriate, the Court will reconsider whether counsel is necessary on its own motion.

## VI.    WHITE'S MOTION FOR LEAVE TO AMEND

White has filed two motions that appear to request leave to amend his complaint to add additional defendants. (Docs. # 25, # 27). In particular, White alleges that he wishes to add the "operating staff and surgeons" who performed the first operation on his foot in January of 2005. (Doc. # 27). White complains that these individuals "botched" the procedure such that a second operation was required. (*Id.*).

White's motion for leave to amend is governed by Rule 15(a) of the Federal Rules of

8

Civil Procedure, which provides as follows:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party;  and leave shall be freely given when justice so requires.

FED. R. CIV. P. 15(a).  The decision on whether to deny a request for leave to amend is subject to review for abuse of discretion. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Amer. Co.*, 195 F.3d 765, 770 (5th Cir.1999).

The proposed amendment seeks to add a claim that surgeons and health care workers at the John Sealy Hospital in Galveston were negligent when they operated on White's foot in January of 2005.  White's proposed federal claim is governed by the deliberate-indifference standard found in the Eighth Amendment to the United States Constitution. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) ("Although the Eighth Amendment 'does not, by its precise words, mandate a certain level of medical care for prisoners[,]' the Supreme Court has interpreted it as imposing a duty on prison officials to 'ensure that inmates receive adequate  . . . medical care.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429

9

U.S. 97 (1976)).

The deliberate-indifference standard has both an objective and subjective component. *See Farmer*, 511 U.S. at 834.  To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed.  *See id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  Under the subjective prong of this analysis, "[a] prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'"  *Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847).

The Fifth Circuit has stated that the deliberate-indifference standard is an "extremely high" one to meet.  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."  *Gobert*, 463 F.3d at 347 (citations omitted). A showing of deliberate indifference requires the prisoner to demonstrate that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'"  *Id.* (citations omitted).

White does not allege that the surgeons and health care workers who treated him in

10

January of 2005 refused to provide him with appropriate care or that they acted with wanton disregard for a serious medical condition.  At most, the claim proposed by White alleges that these defendants were negligent because they "botched" his first operation, requiring him to undergo additional surgery.  To the extent that White disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment.  *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977).  To the extent that White claims that the defendants were negligent or that their actions constitute "medical malpractice," these types of allegations are not sufficient to demonstrate a constitutional violation or to maintain an action under 42 U.S.C. § 1983.  *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002); *see also Stewart*, 174 F.3d at 534 ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").

The Fifth Circuit has held that it is within a district court's discretion to deny a motion to amend if it is futile.  *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing *Martin's Herend Imports*, 195 F.3d at 771; *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)).  As outlined above, the Court has determined that White's proposed claim against previously unnamed individuals fails to state a claim for a constitutional violation.  Because White's proposed claim fails as a matter of law, an

11

amendment would be futile.  *See Stripling*, 234 F.3d at 873 (holding that an amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted).  Accordingly, White's motions for leave to file an amended complaint (Docs. # 25, # 27) are denied.

## VII    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    UTMB's motion to dismiss (Doc. # 21) is **GRANTED**.  The claims against UTMB are **DISMISSED** with prejudice.

2.    White's motion for an extension of time (Doc. # 23) is **DENIED** as moot.

3.    White's motion to voluntarily dismiss certain defendants (Doc. # 22) is **GRANTED**.  The following defendants are dismissed from this suit: Douglas Bertling; John Doe Brorby; Ray Carpenter Nurse Kristi Flisowski; Nurse Margie Gonzales; Nurse Kathy Hawkins; Dr. Clay Keith; Dr. Betty Williams; and Jamie Williams.

4.    The following defendants are **DISMISSED** from this suit with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of personal involvement: Nurse Rhonda Lee, and Nurse Poppy Thomas.

5.    White's motion for appointment of counsel (Doc. # 24) is **DENIED** at this time.

6.    White's motions for leave to amend (Docs. # 25, # 27) are **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on November 28th , 2007.


Nancy F. Atlas
United States District Judge